# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL KERNEN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-00107-JD |
| CASILLAS OPERATING, LLC, | ) ) ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, MICHAEL KERNEN, for himself and all others similarly situated, files this First Amended Complaint (the "Amended Complaint") and hereby alleges and states as follows in support of the claims asserted against Casillas Operating, LLC, ("Defendant"):

### SUMMARY OF THE ACTION

1. This class action suit concerns Defendant's willful and ongoing violations of Oklahoma law related to payment of statutory interest on late payments of oil and gas production proceeds ("O&G Proceeds") to persons with a legal interest in the mineral acreage under a well which entitles such person(s) (*i.e.*, the "Owner") to payments of O&G Proceeds.

2. Plaintiff is an Owner in one or more oil and/or gas wells in Oklahoma in which Defendant has incurred an obligation to pay O&G Proceeds (the "Oklahoma Wells"). Specifically, Plaintiff is an Owner in Oklahoma Wells, the Lori Ann Well, which

is located in Section 1-6-7XH in a multiunit horizontal drilling and spacing unit comprised of Sections 6 and 7-4N-4W, in Garvin County, Oklahoma. Defendant Casillas Operating, LLC was the operator of the Lori Ann Well and was obligated to pay O&G Proceeds to Plaintiff within the time periods prescribed by statute and failing the same, to additionally pay interest at the rate prescribed by statute.

3. The oil and gas industry has historically been rife with abuse by lessees and operators who routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners. Because of the lessee's or operator's control over the relationship, they are able to easily and successfully employ and benefit from such schemes, to the detriment of Owners.

4. Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Defendant, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are <u>not paid</u> prior to the end of the applicable time periods provided" by statute ("Late Payments"). 52 O.S. §570.10(D); *see generally*, 52 O.S. §570, *et. seq*. (the "Production Revenue Standards Act" or the "Act"). Further, the Act states that "All proceeds from the sale of production shall be regarded as separate and distinct from all other funds of any person receiving or holding the same until such time as such proceeds are paid to the owners legally entitled thereto." *Id.* at §570.10(A).

5. The Act gives Owners a uniform, absolute right to interest on Late Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time

limits required by the Act. The plain language of the Act imposes an obligation to include interest on Late Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

6. Defendant is well aware of its obligation to pay the required interest on Late Payments. Nevertheless, in violation of Oklahoma law, Defendant consistently ignores its obligation to pay interest on Late Payments made to Plaintiff and other owners. Indeed, on information and belief, Defendant routinely delays payment of production proceeds and denies Owners the interest payments to which they are entitled as part of an overarching scheme to avoid its obligations under Oklahoma law.

7. Accordingly, Plaintiff files this class action lawsuit against Defendant to obtain relief on behalf of all similarly situated Owners who received or were entitled to receive any Late Payments for which Defendant did not include payment of interest as required by the Act.

8. Plaintiff files this class action lawsuit against Defendant for fraud and breach of its statutory obligation to pay O&G Proceeds and interest. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendant.

**PARTIES**

9. Plaintiff Michael Kernen is an Oklahoma citizen and resides in Oklahoma County.

10. Plaintiff is an Owner in Oklahoma Wells and is entitled to payment of O&G Proceeds therefrom.

11. Defendant Casillas Operating, LLC is a domestic limited liability company

organized under Oklahoma law and may be served with process by serving its registered agent, Casillas Operating, LLC, 401 S Boston Ave, Ste 2400 Tulsa, OK 74103.

12. At all times relevant to the claims asserted herein, Defendant was a producing owner and/or operator of oil and/or gas wells in the State of Oklahoma. Defendant is obligated to pay O&G Proceeds to Plaintiff and the Owners in the putative class within the time periods prescribed by the Act and failing that, to pay interest at the rates prescribed by the Act.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear these matters pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) this class action involves at least 100 members; (b) over $5 million is in controversy; and (c) minimal diversity is met because at least one member of the class is a citizen of a state different from Defendant.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because this District embraces Garvin County, where this matter was originally filed in State court.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as the representative of a Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). The Class is comprised of:

> All non-excluded persons or entities to whom: (1) Defendant (or Defendant's designee) made a Late Payment of oil and/or gas proceeds from an Oklahoma well between July 28, 2016 and June 24, 2020, and (2) who have not been paid statutory interest on the Late Payment per the Production Revenue Standards Act. A "Late Payment" for purposes of this class definition means payment of proceeds from the sale of oil and/or gas production from an oil and/or gas well after the statutory periods identified in OKLA. STAT. tit. 52, § 570.10(B)(1) (i.e., commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the 2nd succeeding

4

months after the end of the month within which such production is sold). Late Payments do not include: (a) payments of proceeds to an owner under OKLA. STAT. tit. 52, § 570.10(B)(3) (minimum pay); (b) prior period adjustments; or (c) pass-through payments.

The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty (50) Oklahoma wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; including, but not limited to, Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, William L. Galbreath, Verdeen L. Slatten, Jack A. Slatten, Verdeen L. Slatten Family Limited Partnership, Neva M. Dorman, Ann Ellis Boles, Fischer-Jones, LLC, B.N. Taliaferro, Jr. individually and as Trustee of the B. N. Taliaferro Management Trust, Jack B. Searle, Tamara D. Searle, OGI, Inc., and their relatives; and (6) officers of the court.

16. Upon information and belief, absent Class members entitled to interest under the Act owing from Defendant's Late Payments number in the thousands. Therefore, the Class is so numerous that joinder of all members is impracticable.

17. The questions of fact and law common to the Class, include:

   a. Whether Plaintiff and the Class own legal interests in the Oklahoma Wells upon which Defendant has an obligation to pay O&G Proceeds;

   b. Whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Class on any Late Payments, either received or not yet received;

   c. Whether Defendant had a duty to promptly investigate whether Plaintiff and the Class were owed interest and, if so, to properly pay the interest owed to the Plaintiff and the Class;

   d. Whether Defendant's failure to pay interest to Plaintiff and the Class on any Late Payments, either received or not yet received, constitutes a violation of the Act;

e. Whether Defendant defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

f. Whether Defendant is obligated to pay interest on future Late Payments, either received or not received.

18. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

19. Defendant treated Plaintiff and the Class in the same way by failing to pay the required interest on Late Payments.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

21. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Defendant relating to Defendant's failure to pay interest owing on the Late Payments of O&G Proceeds as required by law;

c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

d. The difficulties in managing this case as a class action will be slight in

relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

23. The allegations set forth above are incorporated herein by reference.

24. Defendant operates (and/or Defendant owns a working interest in) numerous oil and/or gas wells throughout Oklahoma. Defendant owes payments of O&G Proceeds to Plaintiff and Class members as a result of the mineral production from such wells.

25. Plaintiff and the Class are entitled to rely on the Defendant to act as a reasonably prudent operator and to diligently investigate their right to receive interest on Late Payments; and if its investigation concludes that interest is owed pursuant to the Act, to promptly pay the Plaintiff and the Class such interest.

26. Plaintiff and Class members are entitled to payment of O&G Proceeds from Defendant and, pursuant to the Act, are further entitled to interest from Defendant on any Late Payments, either received or not yet received.

27. Plaintiff and Class members placed their trust, confidence, and reliance in Defendant to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Defendant had superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including interest, on Late Payments. Plaintiff and the Class were unaware that Defendant had and continued to breach

its duty to pay interest due under the Act.

28. When Defendant made Late Payments to Plaintiff and Class Members, or held O&G Proceeds in Suspense Accounts for more than the interest free period allowed by law, Defendant failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Defendant's failure to pay the statutorily required interest on Late Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

29. Based on information and belief, Plaintiff further alleges that Defendant does not make reasonable and consistent efforts to locate and pay O&G Proceeds to Owners. Instead, Defendant keeps the O&G Proceeds in Suspense Accounts and untimely pays the O&G Proceeds to various states as abandoned/unclaimed property without also paying the statutory interest owed under the Act.

30. Defendant is not permitted to take advantage of its relationship with Plaintiff and Class members and realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendant has used its position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid its statutory obligation to pay the statutory interest due to Plaintiff and the Class in the event of Late Payments. As such, Defendant has improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

31. Upon information and belief, Defendant ignores its obligation under the Act to regard the O&G Proceeds it owed to Plaintiff and the Class as separate and distinct from Defendant's other cash assets. Rather, these proceeds were commingled with Defendant's other cash assets. As such, Defendant improperly, unfairly, and illegally profited from its

deliberate refusal to pay statutory interest to Plaintiff and the Class.

32. In short, Defendant blatantly ignored Oklahoma law regarding the payment of interest on Late Payments. Further, Defendant did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.* Plaintiff and the Class) and, instead, held the O&G Proceeds for its own benefit. Defendant has abused its position with Plaintiff and the Class.

33. Plaintiff and the Class have been damaged by Defendant's unlawful acts and omissions.

34. Defendant's wrongdoing—which is in clear violation of Oklahoma law—is ongoing and continues to this day.

35. To the extent Defendant relies on any statute of limitation as a defense, Plaintiff and the putative Class plead that, under the facts at issue here, the doctrines of equitable estoppel or tolling, open account, the discovery rule and/or other defenses apply to toll the running of any statute of limitations.

## CAUSES OF ACTION

**I. BREACH OF STATUTORY DUTY TO PAY O&G PROCEEDS AND INTEREST**

36. The allegations set forth above are incorporated herein by reference.

37. Plaintiff brings this cause of action on behalf of himself and the Class.

38. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendant for wells operated by Defendant in Oklahoma, or in which Defendant otherwise held O&G Proceeds.

39. Section 570.10 of the Act requires Defendant to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto.

40. Section 570.10 of the Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act.

41. If the holder of any O&G Proceeds subject to the Act fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds at the statutory rate.

42. Defendant held O&G Proceeds belonging to Plaintiff and the Class and Defendant failed to timely pay O&G Proceeds owing to Plaintiff and the Class as provided by the Act.

43. In violation of the Act, when Defendant ultimately made Late Payments to Plaintiff and the Class, or held O&G Proceeds in Suspense Accounts or paid O&G Proceeds to various states as abandoned/unclaimed property, Defendant did not pay the interest owing on the Late Payments.

44. Defendant's failure to pay interest owing on its Late Payments of O&G Proceeds was knowing and intentional and/or the result of Defendant's gross negligence.

45. Defendant's failure to pay interest owing on its Late Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

## II. BREACH OF DUTY TO INVESTIGATE AND PAY

46. The allegations set forth above are incorporated herein by reference.

47. Defendant has a duty to diligently investigate the identity and location of Owners and to timely pay O&G Proceeds and failing that, to pay statutory interest.

48. Defendant breached this duty when it failed to diligently investigate the rights of the Plaintiff and the Class to receive interest on Late Payments and pay such interest to the Plaintiff and the Class when owed.

49. Plaintiff and the Class have been damaged by Defendant's actions and violation of the law.

50. Defendant's failure to diligently investigate the rights of the Plaintiff and the Class to receive interest on Late Payments and pay such interest to the Plaintiff and the Class is a result of Defendant's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendant knows, or is aware, are legally entitled thereto. Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example for others.

### III. FRAUD

51. The allegations set forth above are incorporated herein by reference.

52. Plaintiff brings this cause of action on behalf of himself and the Class.

53. Defendant operates or has operated numerous oil and/or gas wells throughout Oklahoma. Thus, Defendant knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

54. Defendant, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Defendant knew it owed interest on Late Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendant intended to avoid its

obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest.

55. Plaintiff and the Class relied on and trusted Defendant to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

56. Plaintiff and the Class have been damaged by Defendant's actions and violations of law.

57. Defendant's failure to pay the interest it owes to Plaintiff and the Class is a result of Defendant's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendant knows, or is aware, are legally entitled thereto. Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example for others.

## IV. ACCOUNTING AND DISGORGEMENT

58. The allegations set forth above are incorporated herein by reference.

59. Plaintiff requests an accounting on behalf of himself and the Class.

60. Plaintiff requests the Court enter an order directing Defendant to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendant, and (b) the method for calculating such amounts.

61. Defendant's payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the violations committed by Defendant because it will not deprive Defendant of the ill-gotten gains it has obtained through their unlawful behavior.

62. The principles of equity and good conscience do not permit Defendant to retain the benefits derived from its improper and unlawful use of interest owed on Late Payments made to Plaintiff and the Class.

63. Therefore, Plaintiff requests the Court enter an order directing Defendant to disgorge itself of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' interest payments, including interest that has accrued on such interest since the time in which Defendant made the Late Payments to Plaintiff and the Class.

## V.  INJUNCTIVE RELIEF

64. The allegations set forth above are incorporated herein by reference.

65. Plaintiff seeks injunctive relief on behalf of himself and the Class.

66. Unless enjoined by this Court, Defendant will continue its pattern and practice of failing to pay interest owed on Late Payments to Plaintiff and the Class members.

67. Defendant has utilized its superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to interest on Late Payments, to engage in a fraudulent scheme with regard to their willful and intentional failure to pay such interest. As such, Defendant's wrongdoing is ongoing, and injuries in the future by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid interest.

68. There is no adequate and complete remedy at law for continuing violations of the Act by Defendant.

69. Plaintiff requests the Court enter a permanent injunction, ordering Defendant

to pay interest as required by law when Defendant makes future Late Payments to Plaintiff and the Class.

70. Defendant will not suffer any harm as a result of granting the Class members' request for injunctive relief because Defendant's compliance with the Court's order will be consistent with Defendant's legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches and/or unlawful conduct including, without limitation, the compounded interest on Late Payments as required by law;

3. An order requiring Defendant to provide Plaintiff and the Class with an accounting;

4. An order requiring Defendant to disgorge itself of the ill-gotten gains it has obtained through the unlawful use of interest owed to Plaintiff and the Class;

5. An order requiring Defendant to pay interest in the future, as required by law, to Plaintiff and the Class;

6. An order requiring Defendant to pay the Class attorneys' fees and litigation costs as provided by statute; and

7. Such costs and other relief as this Court deems appropriate.

ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED

DATED: February 12, 2021

*[signature]*
Robert N. Barnes, OBA No. 537
Patranell B. Lewis, OBA No. 12279
Emily Nash Kitch, OBA No. 22244
**BARNES & LEWIS LLP**
208 NW 60th Street
Oklahoma City, OK 73118
Telephone: (405) 843-0363
Facsimile: (405) 832-1007
rbarnes@barneslewis.com
plewis@barneslewis.com
ekitch@barneslewis.com

Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa P. Baldwin, OBA No. 32947
Drew G. Pate
Trey N. Duck, III
Cody L. Hill
**NIX PATTERSON, LLP**
3600 N. Capital of TX Hwy.
Bldg. B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
bbeckworth@nixlaw.com
jangelovich@nixlaw.com
lbaldwin@nixlaw.com
dpate@nixlaw.com
tduck@nixlaw.com
codyhill@nixlaw.com

Patrick M. Ryan, OBA No. 7864
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
400 North Walnut Ave.

Oklahoma City, OK 73104
Telephone: (405) 239-6040
Facsimile:(405) 239-6766
pryan@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Susan Whatley
**NIX PATTERSON, LLP**
P.O. Box 178
Linden, Texas 75563
Telephone: (903) 215-8310
swhatley@nixlaw.com