# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL KERNEN, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CASILLAS OPERATING, LLC, ) ) Defendant. ) | Case No. CIV-18-00107-JD |

### ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This is a class-action lawsuit brought by Plaintiff, Michael Kernen, on behalf of himself and all others similarly situated ("Plaintiff"), against Defendant Casillas Operating, LLC ("Defendant"), for the alleged failure to pay statutory interest on Late Payments[1] allegedly made outside the time periods set forth in the Production Revenue Standards Act, OKLA. STAT. tit. 52, § 570.1, *et seq.* (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On January 11, 2021, Plaintiff and Defendant executed a Stipulation and Agreement of Settlement and Supplemental Agreements, finalizing the terms of the Settlement. On August 12, 2021, following the Preliminary Approval Hearing, Plaintiff and Defendant executed the Amended Stipulation and Agreement of Settlement and Supplemental Agreements (the "Settlement Agreement") [Doc. No. 100-1].

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

On August 17, 2021, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing [Doc. No. 101] (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

    a.    certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied, for settlement purposes only, with respect to the proposed Settlement Class;

    b.    appointed Plaintiff, Michael Kernen, as Class Representative and Plaintiff's Counsel, Barnes & Lewis, LLP, Nix Patterson, LLP, and Ryan Whaley Coldiron Jantzen Peters & Webber, PLLC, as Class Counsel; and Plaintiff's Counsel Whitten Burrage as liaison local counsel for the Settlement Class;

    c.    preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

    d.    preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

   e. preliminarily approved the form and manner of the proposed Short Form Notice, Long Form Notice, and Summary Notice to be communicated to the Settlement Class, finding specifically that such Short Form Notice, Long Form Notice, and Summary Notice, among other information, fairly and adequately: (a) described the terms and effect of the Settlement among other information; (b) notified the Settlement Class of the time and place of the Final Fairness Hearing; (c) described the options for requesting exclusion from the Settlement or objecting to the Settlement or any part thereof; and (d) directed potential Class Members to where they may obtain more detailed information about the Settlement;

   f. instructed the Settlement Administrator to disseminate the approved Short Form Notice by mail to potential members of the Settlement Class, to publish the Summary Notice, and to display the Long Form Notice and other documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court;

   g. provided for the appointment of a Settlement Administrator;

   h. set the date and time for the Final Fairness Hearing as November 17, 2021, at 1:00 p.m. in the United States District Court for the Western District of Oklahoma; and

   i. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Short Form Notice, Summary Notice, and Long Form Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On November 17, 2021, in accordance with the Preliminary Approval Order and the Notices, the Court conducted a Final Fairness Hearing to, *inter alia*:

    a.    determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b.    determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the state and federal Constitutions, and any other applicable law;

    c.    determine whether to approve the Allocation Methodology, the Proposed Plan of Allocation, and distribution of the Net Settlement Fund to Participating Class Members;[2]

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Class Members (the "Plan of Allocation Order").

  d. determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

  e. determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[3] and

  f. rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

  1. The Court, for purposes of this Order and Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement [Doc. No. 100-1] and incorporates them as if fully set forth herein.

  2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

  3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

---

[3] The Court will issue separate orders pertaining to Class Counsel's request for Attorneys' Fees and reimbursement of Litigation Expenses and Class Representative's request for a Case Contribution Award.

> All non-excluded persons or entities to whom: (1) Defendant (or Defendant's designee) made a Late Payment of oil and/or gas proceeds from an Oklahoma well between July 28, 2016, and June 24, 2020, and (2) who have not been paid statutory interest on the Late Payment per the Production Revenue Standards Act. A "Late Payment" for purposes of this class definition means payment of proceeds from the sale of oil and/or gas production from an oil and/or gas well after the statutory periods identified in OKLA. STAT. tit. 52, § 570.10(B)(1) (i.e., commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the 2nd succeeding months after the end of the month within which such production is sold). Late Payments do not include: (a) payments of proceeds to an owner under OKLA. STAT. tit. 52, § 570.10(B)(3) (minimum pay); (b) prior period adjustments; or (c) pass-through payments.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty (50) Oklahoma wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, William L. Galbreath, Verdeen L. Slatten, Jack A. Slatten, Verdeen L. Slatten Family Limited Partnership, Neva M. Dorman, Ann Ellis Boles, Fischer-Jones, LLC, B.N. Taliaferro, Jr. individually and as Trustee of the B. N. Taliaferro Management Trust, Jack B. Searle, Tamara D. Searle, OGI, Inc., and their relatives; and (6) officers of the court.

The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified below [*see* Doc. No. 114] have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement,

6

and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement:

| ID | Name | Received On |
|---|---|---|
| 901148 | ARAPAHO LAND COMPANY LLC | 9/27/2021 |
| 901152 | IBEX RESOURCES COMPANY LLC | 9/27/2021 |
| 902292 | GBK CORPORATION | 11/1/2021 |
| 905154 | GEORGE B KAISER | 11/1/2021 |
| 905155 | RUTH KAISER NELSON | 11/1/2021 |
| 905165 | JOEL JANKOWSKY TR | 11/1/2021 |
| 905166 | SUE A & MICHAEL HERBORN TR | 11/1/2021 |
| 906461 | KAISER-FRANCIS OIL COMPANY | 11/1/2021 |

4. As used in this Judgment, the following terms shall have the following meanings:

    a. **"Released Claims"** include any and all claims arising from any legal or equitable theory related to earned statutory interest on Late Payments allegedly made by Defendant directly to Owners, and Late Payments allegedly made by Defendant in its role as operator on behalf of non-operating working interest owners, between July 28, 2016, and June 24, 2020, for O&G Proceeds from the Oklahoma Wells on Exhibit 6 to the Settlement Agreement, which alleged Late Payments did not also include the earned statutory interest prescribed by the PRSA, as well as all claims that could have been asserted in any forum or venue related to unpaid statutory interest under the PRSA for the Late Payments allegedly made by Defendant as described above, whether known or unknown, whether at law or in equity, or under any statute, and including all relief and remedies, except for claims excluded from the scope of Released Claims in the next sentence of this paragraph.

    No other claims are released, including but not limited to: (1) any and all claims against Casillas Petroleum Corporation; (2) claims of Owners for earned statutory interest on any Late Payments allegedly made by Defendant prior to July 28, 2016, or after June 24, 2020; (3)

claims of royalty owners for statutory interest on the underpayment of royalty based on breach of express and/or implied covenants of oil and gas leases and/or force pooling orders; and (4) any other claims that class members may have against the Released Parties other than the specific earned statutory interest claims under the PRSA set out in the first sentence of this paragraph.

    b.    **"Released Parties"** means Casillas Operating, LLC, Casillas Petroleum Resource Partners, LLC, CPRP Services, LLC, Casillas Petroleum Resource Partners Holdings, LLC, Kayne Anderson Capital Advisors, L.P., a Delaware limited partnership, and each of its respective affiliates (including, without limitation, its and its affiliates' various portfolio companies), and all of their respective successors-in-interest (the "Companies"), and all parents, affiliates and subsidiaries of the Companies, to the extent those Companies, parents, affiliates, and subsidiaries of said Companies directly or indirectly own interests in, or operate or have operated, the wells which have been studied and analyzed by Plaintiff's and Defendant's experts and are listed on Exhibit 6 to the Settlement Agreement [beginning at Doc. No. 100-1 at 115], and only to the extent of the working interests reflected on Exhibit 6 to the Settlement Agreement and for which potential damages have been calculated by those experts. Specifically excluded from this release is Casillas Petroleum Corporation.

    c.    **"Releasing Parties"** means Plaintiff and all Settlement Class members who do not timely and properly opt-out or submit a request for exclusion from the Settlement, and who are not otherwise excluded from the Settlement Class by order of the Court separate and apart from the individuals and entities excluded by virtue of the Settlement Class definition contained in Paragraph 1.46 of the Settlement Agreement [Doc. No. 100-1 at 14–15], without regard to whether a member of the Settlement Class actually received a payment from the Net Settlement Fund, and without regard as to whether any payment was correctly determined.

    d.    **"Claim Period"** means July 28, 2016, through June 24, 2020.

5.    At the Final Fairness Hearing on November 17, 2021, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering

8

not only the pleadings and arguments of Class Representative and Defendant and their respective counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

6. The Court further finds that due and proper notice, by means of the Short Form Notice, Long Form Notice, and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Short Form Notice mailed to the Settlement Class, the Long Form Notice published on the website, and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Short Form Notice, Long Form Notice, and Summary Notice used by the Parties. The Court further finds that all Class Members have been afforded a reasonable

opportunity to request exclusion from the Settlement Class or object to the Litigation and Settlement.

7. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, including that: the members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Settlement Class that predominate over any individual questions; the claims of Class Representative are typical of the claims of the Settlement Class; Class Representative and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Class Members; and, after considering the interests of the Class Members in individually controlling the prosecution of separate actions, the extent and nature of litigation already commenced by members of the Settlement Class, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action—a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial

negotiations free of collusion. The Settlement fairly reflects the complexity of the Released Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties and experienced counsel, and the Parties have prosecuted and defended their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Parties and the Settlement Administrator are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement (together with the documents referenced therein and exhibits thereto), and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

8. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action (as opposed to a settlement class), and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Class Counsel.

9. The Court finds that on August 18, 2021, Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance

with the form and content requirements of 28 U.S.C. § 1715. *See* [Doc. No. 102]. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of the claims of such Class Members to the Settlement. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

10.     The Litigation, the First Amended Complaint, and all claims included therein, as well as all Released Claims, are dismissed with prejudice as to the Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Participating Class Members. The Court finds that Defendant has agreed not to file a claim against Plaintiff or Plaintiff's Counsel based upon an assertion that the Litigation was brought by Plaintiff or

Plaintiff's Counsel in bad faith or without a reasonable basis. Similarly, the Court finds that Plaintiff has agreed not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without a reasonable basis. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties to the fullest extent permitted by law. The Court thus hereby permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether or not any such person or party shares in the Net Settlement Fund), and all persons acting on their behalf from, directly or indirectly, or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. The Released Parties are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any persons relating to the Settlement of the Released Claims. The releases and prohibitions of this paragraph apply equally to any claim that relates to the subject matter of the Released Claims except as expressly excluded therefrom. The Court's approval of the Settlement and entry of judgment herein shall have the effect of barring each of the Releasing Parties from asserting any claim from which that party would be barred by a judgment resolving the certified claims herein had such claims been brought by such party individually. Neither Party will bear the other Party's litigation costs, costs of court, or attorney's fees.

    11.    The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, in assisting with certain aspects of the

administration of the Settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

12. Nothing in this Judgment shall bar any action or claim by Class Representative or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13. This Judgment, the Settlement, the Supplemental Agreements, and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto—shall not be used for any purpose or admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Judgment, the Supplemental Agreements, or the Settlement (including, but not limited to, defending or bringing an action based on the release provided for herein). The Judgment, the Settlement, the Supplemental Agreements, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the

Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure.

14. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Participating Class Members are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

15. Class Representative, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to these proceedings and filings. The Court finds that Class Representative and Plaintiff's Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

16. Neither Defendant nor Defendant's Counsel has any liability or responsibility to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limited to any distributions made by the Settlement Administrator. Except as described in Paragraph 6.20 of the Settlement Agreement, no Class Member shall have any claim against Plaintiff's Counsel, the Settlement Administrator, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

17. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either: (a) pay the appropriate portion(s) of

15

the Distribution Check to the person(s) legally entitled to receive such portion(s), or (b) return the Distribution Check uncashed to the Settlement Administrator.

18. All matters regarding the administration of the Settlement Account and the taxation of funds in the Settlement Account or distributed from the Settlement Account shall be handled in accordance with Section 5 of the Settlement Agreement.

19. Any order approving or modifying any Plan of Allocation Order, the distribution of the Net Settlement Fund amongst the Participating Class Members, the application by Class Counsel for an award of Attorneys' Fees or reimbursement of Litigation Expenses, or the request of Class Representative for a Case Contribution Award, shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

20. Plaintiff's Counsel, Plaintiff, and the Settlement Class will only be liable for loss of any portion of the Settlement Account as described in Paragraph 6.20 of the Settlement Agreement. Defendant shall have no liability for any such loss.

21. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the Settlement Class, Defendant, and the other Released Parties for the purposes of: (a) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement, the Settlement Agreement (together with the documents referenced therein and the exhibits

thereto), any Plan of Allocation Order entered by the Court, and this Judgment;

(b) hearing and determining any application by Class Counsel for an award of Plaintiff's Attorneys' Fees, and Litigation Expenses and/or a Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing;

(c) supervising the distribution of funds from the Settlement Account; (d) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement or Supplemental Agreements; (e) enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement and Supplemental Agreements; and (f) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

22. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement (or any document referenced therein) for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement. The provisions of the Settlement Agreement and Supplemental Agreements relating to termination of the Settlement Agreement shall be complied with.

23. The claims asserted by Class Representative in this Litigation and all Released Claims of the Participating Class Members are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to Paragraphs 2 and 21 above to

administer the Settlement distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. Regardless, there is no just reason to delay the finality of the Judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

　　IT IS SO ORDERED this 3rd day of January 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE